UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BERNADETTA KLIMASZEWSKA,

                  Plaintiff,                  **REPORT AND RECOMMENDATION**
                                                                            21 CV 374 (LDH)(LB)

    -against-

TARGET CORPORATION,

                  Defendant.
-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff Bernadetta Klimaszewska brings this personal injury action against defendant Target Corporation ("Target") alleging that she was injured while shopping at a Target Store in Queens, New York when a bookshelf fell from a display and struck her. Compl. ¶ 20, ECF No. 1-1. Plaintiff originally commenced this action in New York State Supreme Court, Queens County on January 3, 2020; defendant removed the case to this Court on January 22, 2021 on the basis of diversity of citizenship. Notice of Removal, ECF No. 1. Plaintiff now moves to remand this action back to state court – claiming that defendant's removal was untimely – and requests an award of costs and fees. Pl.'s Mot., ECF No. 12. Defendant has opposed plaintiff's motion and moves for sanctions against plaintiff's counsel. Def. Opp'n 7, ECF No. 11. The Honorable LaShann DeArcy Hall referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion to remand this action should be granted. It is further recommended that plaintiff's motion for costs and fees as well as defendant's motion for sanctions should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On October 28, 2017, plaintiff was shopping at a Target store located at 8801 Queens Boulevard, Elmhurst, New York when she was struck by a bookshelf that fell from a display. Compl. ¶ 20. Plaintiff alleges that she sustained injuries to her "body and limbs," suffered "continuous pain and stiffness," and required medical care. Id. ¶ 24. Plaintiff further alleges that her injury was the result of defendant's negligence which allowed the "hazardous condition to exist." Id. ¶ 22.

Plaintiff, a citizen of New York, commenced this action in Queens County Supreme Court on January 3, 2020. ECF No. 1-1. The complaint, in compliance with New York law, does not state the amount of damages sought.[1] Defendant answered the complaint on February 25, 2020, Ans., ECF No. 1-2, and thereafter served discovery demands on plaintiff, including a request for a statement of damages, ECF No. 1, ¶ 6. Defendant claims that it did not receive a response to its discovery demands until January 12, 2021 when plaintiff served a bill of particulars claiming damages in excess of $75,000. Id. ¶ 7. Defendant, a citizen of Minnesota, removed plaintiff's action to this Court on January 22, 2021.[2] Id. ¶ 11.

On February 18, 2021, the Court held the initial conference in this matter. Plaintiff's counsel stated that plaintiff was considering moving to remand the action and to add new parties. See Electronic Order dated Feb. 18, 2021. Defendant's counsel represented that, although the case was filed in January 2020, plaintiff did not respond to discovery demands regarding the amount of damages sought until January 2021. Id. Defendant claimed that the case was promptly

---

[1] Under New York law, a complaint in a personal injury action "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." C.P.L.R. § 3017(c).

[2] In a letter dated February 25, 2020, defendant informed plaintiff that it had filed a notice of removal seeking to remove this case "from the Supreme Court of New York, Bronx County to the United States District Court, Southern District of New York." ECF No. 12-6. Defendant now acknowledges that the letter was "clearly erroneous." Def. Opp'n 16. However, defendant never retracted the letter or sent plaintiff a follow-up letter acknowledging its mistake.

removed once plaintiff provided further information about damages. Id. "The Court cited 28 U.S.C. § 1446(b)(3) to the parties and suggested plaintiff's counsel should carefully review the statute…." Id. Plaintiff's counsel then filed the instant motion. In support of her motion to remand, plaintiff files a Memorandum of Law ("Mem. of Law," ECF No. 12-1); a reply Memorandum of Law ("Reply," ECF No. 12-2); her counsel's declaration ("Bhurtel Decl.," ECF No. 12-3); the summons and complaint (ECF No. 12-8); Target's Answer (ECF No. 12-4); a removal letter dated February 25, 2020 (ECF No. 12-6); defendant's supplemental demand for discovery (ECF No. 12-7); plaintiff's medical records (ECF Nos. 12-8 – 12-9); a state court request for judicial intervention and preliminary conference order (ECF No. 12-10); plaintiff's bill of particulars (ECF No. 12-11); the notice of removal (ECF No. 12-12); and a list of state court filings (ECF No. 12-13). Defendant opposes the motion to remand and request for sanctions. Defendant files a Memorandum of Law in Opposition to Plaintiff's Motion (Def. Opp'n, ECF No. 11); its counsel's declaration (" Levine Decl.," ECF No. 11-1); a copy of discovery demands filed in state court on February 24, 2020 (ECF No. 11-2); a copy of a demand for damages and an affidavit of service filed in state court on March 5, 2020 (ECF No. 11-3); a copy of a demand for a bill of particulars and an affidavit of service filed in state court on March 5, 2020 (ECF No. 11-4); and an affidavit of service for its opposition motion (ECF No. 11-5).[3]

## DISCUSSION

**I. Removal under 28 U.S.C. § 1446**

District Courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and plaintiffs and defendants are citizens of different states. 28

---

[3] The docket reflects that defendant filed its opposition papers twice; once on April 16, 2021, ECF No. 11, and a second time on May 5, 2021, ECF No. 13. The filings are identical. The Court references the earlier filing.

U.S.C. § 1332(a)(1). A case brought in state court which meets these jurisdictional requirements "may be removed by the defendant…to the district court of the United States for the district…embracing the place where such action is pending." See id. § 1441(a). The procedure for removal is set forth in 28 U.S.C. § 1446 which requires a removing defendant to file a notice of removal in the district court. Id. § 1446(a). Generally, the notice of removal must be filed within 30 days of receipt of the initial pleading in the case, however, "if the case stated by the initial pleading is not removable," the defendant may still remove the case within thirty days of receipt "of a copy of an amended pleading, motion, order or other paper" containing information supporting removal.[4] Id. § 1446(b)(1) & (3).

The removal statute contains a one-year time limit in cases where the district court's jurisdiction is based on diversity of citizenship. Id. § 1446(c)(1). Once one year has elapsed from the date the civil action began in state court, a defendant may only remove a case to federal court on the basis of diversity jurisdiction when "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Id. This one-year time constraint is therefore a procedural bar rather than a jurisdictional impediment. Ehrenreich v Black, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014).

Federal courts are courts of limited jurisdiction and, in recognition of that fact, "courts construe the removal statute[s] narrowly, resolving any doubts against removability." Martinez v. Yordy, No. 16 Civ. 005(BMC), 2016 WL 8711443, at *2 (E.D.N.Y. Feb. 19, 2016) (quoting Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)). The removing defendant bears the burden to prove that removal is proper. Nocelli v. Kaiser Gypsum Co., Inc.,

---

[4] "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper"…." 28 U.S.C. § 1446(c)(3)).

4

No. 19-CV-1980(RA), 2020 WL 230890, at *1 (S.D.N.Y. Jan. 15, 2020) (quoting United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)); Purple Eagle Ent., Inc. v. Bray, No. 18 Civ. 3767(GBD)(HBP), 2018 WL 7968909, at *3 (S.D.N.Y. Dec. 6, 2018) (quoting O'Donnell v. AXA Equitable Life Ins. Co., 887 F.3d 124, 128 (2d Cir. 2018)), Report and Recommendation adopted by 2019 WL 493812 (S.D.N.Y. Feb. 8, 2019). A defendant seeking removal after the expiration of the one-year time limit in 28 U.S.C. § 1446(c)(1), must demonstrate that "plaintiff engaged in strategic gamesmanship to prevent…removal…." Martinez, 2016 WL 8711443, at *4 (internal quotation marks omitted) (quoting Ehrenreich v. Black, 994 F. Supp. 2d at 288).

Courts look to a plaintiff's actions in a litigation to evaluate whether those actions were taken in bad faith for the purpose of causing delay and defeating removal. Id. at *2; see also, Caires v. JP Morgan Chase Bank, N.A., No. 16-CV-2694(GBD)(RLE), 2016 WL 8673145, at *3 (S.D.N.Y. Nov. 4, 2016) (collecting cases), Report and Recommendation adopted by 2017 WL 384696 (S.D.N.Y. Jan. 27, 2017)). For example, "[c]ourts have found 'strategic behavior' and denied remand, notwithstanding the passage of a year, where plaintiffs dismissed a non-diverse defendant just days after the one-year window for removal expired." Marin v. Sephora USA, Inc., No. 20 Civ. 3520(CM), 2020 WL 3999711, at *5 (S.D.N.Y. July 15, 2020) (citing In re Rezulin Prods. Liab. Litig., No. 00 Civ. 2843(LAK), 2003 WL 21355201, at *2 (S.D.N.Y. June 4, 2003)). However, as Judge Cogan has stated, "[t]he exception to the one-year limitations requires more than just bad faith; it requires bad faith plus the motive to prevent removal." Martinez, 2016 WL 8711443, at *3 (emphasis in original).

**II. Analysis**

Defendant filed its notice of removal one year and nineteen-days after plaintiff commenced this action in state court. See ECF No. 1. According to defendant, the notice was filed less than thirty days after plaintiff served her bill of particulars which demonstrated that the amount in controversy was over $75,000, satisfying the requirements for diversity jurisdiction. Id. ¶ 7-8. Even so, because the notice of removal was filed after one-year, to avoid remand, defendant must show that plaintiff acted in bad faith to thwart removal to federal court. Purple Eagle Ent., Inc., 2018 WL 7968909, at *3. Defendant fails to meet its burden.

Defendant points to several requests it made for discovery and plaintiff's failure to respond, claiming plaintiff's unresponsiveness proves her bad faith. Mem. of Law. 12. These requests include a demand for discovery dated February 24, 2020 (ECF No. 11-2); a demand for damages pursuant to C.P.L.R. 3017(c) dated March 5, 2020 (ECF No. 11-3); and a demand for a bill of particulars dated March 5, 2020 (ECF No. 11-4). Plaintiff states she never received the demand for damages. Reply 1. Defendant also served a supplemental demand for discovery and inspection on March 16, 2020 and a letter, dated March 30, 2020, stating it would seek judicial intervention if plaintiff did not comply with its discovery demands.[5] (ECF No. 12-7). The record does not reflect any further attempt by defendant to actually seek judicial intervention or to otherwise move to compel plaintiff to comply with her discovery obligations.

Proof that a plaintiff failed to respond to multiple requests for discovery and a demand for damages, without more, is insufficient to establish the requisite bad faith and motive necessary for removal after one year. See Martinez, 2016 WL 8711443, at *3 (stating that even if failure to respond to a request for a statement of damages was "bad faith," that alone would not

---

[5] Copies of defendant's supplemental demand for discovery and its letter stating it would seek Court intervention were included with plaintiff's motion papers but not provided by defendant. ECF No. 12-7.

permit removal after one year); see also Cruz v. Stop & Shop Supermarket Co. LLC, No. 19-CV-11565(RA), 2020 WL 3430193, at *4 (S.D.N.Y. June 23, 2020) (quoting Purple Eagle Ent., 2018 WL 7968909, at *2). In Martinez, defendants requested plaintiff to produce a bill of particulars several times in state court and moved to dismiss the case when plaintiff failed to respond. 2016 WL 8711443, at *3. Once plaintiff finally responded with information demonstrating that the requirements for diversity jurisdiction were met, defendants promptly removed the case to federal court. Id. at *1. Removal occurred more than one year after the case was filed and plaintiff moved to remand on that basis. Id. In granting the motion to remand, Judge Cogan emphasized that in the final months of the one-year period in state court, defendant did not attempt to communicate with plaintiff or move to compel production of information relevant to damages. Id. at *3. The Court stated that "[a]t most, plaintiff's failure to provide responses was an oversight – negligence, but not bad faith." Id.

The facts here are analogous to those addressed in Martinez. Defendant served several requests for discovery in February and March 2020 and plaintiff never responded. See ECF Nos. 11-2 – 11-4. In the remaining nine months of the one-year period after the action was filed, defendant did not contact plaintiff or move to compel production of information or compliance with its C.P.L.R. § 3017(c) demand for damages. As in Martinez, plaintiff's counsel asserts that he was unaware that a C.P.L.R. § 3017(c) demand for damages was served and only found this out after removal. See Reply 1. Plaintiff's counsel further states, "[i]n catching up with mail received over the course of the pandemic…plaintiff sent a copy of the bill of particulars on 1/12/2020 (sic)." Mem. of Law 14. Defendant claims that plaintiff's unresponsiveness "provides ample evidence of plaintiff's bad faith in deliberately" preventing removal. Def. Opp'n 15. However, the similarities between Martinez and the present case underscore defendant's failure

7

to prove plaintiff's bad faith and intention to prevent removal. Moreover, although plaintiff's counsel should have responded, plaintiff's counsel notes that "defendant did nothing to obtain the information needed to timely remove this matter." Mem. of Law. 15. As defendant bears the burden to establish both plaintiff's bad faith and that plaintiff was motivated to prevent removal, defendant should have taken action to ensure removal before one year had elapsed.

Defendant's reliance on Ford-Smith v. HMS Host Corp., No. 19-CV-0947(GTS)(ML), 2020 WL 1242394 (N.D.N.Y. Mar. 16, 2020), is unavailing. There, defendant removed a case to the Northern District of New York over one year after it was filed in state court. Id. at *1. Plaintiffs' counsel failed to respond to multiple requests to disclose the amount in controversy and only provided information supporting removal after one year had elapsed from the date the case commenced. Id. at *6. In dicta, the Court suggested that plaintiffs' failure to respond and to give a reason for their delay could be construed as bad faith. Id. at *5. However, the Court remanded the case because defendant failed to seek removal within thirty days of receiving information supporting that the amount in controversy was over $75,000. Id. at *6. The Court never expounded further on whether plaintiffs' actions, even if taken in bad faith, were sufficient to demonstrate that plaintiffs were motivated by the desire to avoid removal. Id.

Here, unlike in Ford-Smith, plaintiff does explain her belated compliance with defendant's discovery requests. Plaintiff provided the Court with a preliminary conference order issued in state court which sets January 11, 2021 as the deadline to serve her bill of particulars. ECF No. 12-10. The parties agree that plaintiff's bill of particulars was served on January 12, 2021. ECF No. 1, ¶ 7. Following the schedule ordered in state court, plaintiff's bill of particulars was filed only one day out of time. The Court is also mindful of the difficulties posed by the COVID-19 health emergency which was ongoing throughout this case's pendency in state court.

Defendant asserts that plaintiff's counsel's suggestion at the initial conference on February 18, 2021 that plaintiff would move to add additional non-diverse parties is further indicia of her bad faith and motive to defeat removal. Def. Opp'n 4-5. Fraudulent joinder, designed to defeat the district court's subject matter jurisdiction, could be considered by the Court as indicia of bad faith. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998) (discussing fraudulent joinder as a means for defeating federal court jurisdiction). However, plaintiff never attempted to add a nondiverse party, either before or after removal. Therefore, this is inapposite.

Defendant has failed to demonstrate that plaintiff acted in bad faith with the intent to defeat removal. As defendant failed to remove this action within one year under 28 U.S.C. § 1446, plaintiff's motion to remand this matter to Supreme Court, Queens County should be granted.

**III. Plaintiff's Request for Fees and Costs and Defendant's Request for Sanctions**

When ordering remand, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. The payment of costs and fees is appropriate when defendant lacks an "objectively reasonable basis" supporting removal. Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005); Frontier Park Co., LLC v. Contreras, 35 F. Supp. 3d 264, 272-73 (E.D.N.Y. 2014). District Courts have discretion in this area, and they may deny fees where plaintiff's actions contributed to delay. Martin, 546 U.S. at 141. A defendant has an objectively reasonable basis to seek removal where the parties are diverse and the amount in controversy exceeds $75,000. Khakimova v. Acme Markets, Inc., No. 20-CV-2734(ARR)(PK), 2020 WL 5511537, at *4 (E.D.N.Y. Sept. 14, 2020) (denying an

award of attorney's fees where the case met the jurisdictional requirements for removal but defendant failed to timely remove it to federal court).

Although plaintiff requests attorney's fees and costs, defendant had an objectively reasonable basis for seeking removal in this case because the jurisdictional requirements for removal were satisfied. Further, plaintiff failed to promptly comply with defendant's demands for discovery. Plaintiff's delay does not constitute the bad faith and motive necessary to permit removal after one year, but her failure to disclose information regarding the amount in controversy unquestionably hindered removal. Accordingly, plaintiff's request for attorney's fees and costs should be denied.

Defendant requests that the Court sanction plaintiff's counsel for seeking remand, citing the Court's suggestion at the February 18, 2021 conference that plaintiff's counsel review 28 U.S.C. § 1446 before filing the instant motion. Def. Opp'n 7. The Court has both inherent and statutory powers to sanction attorneys when they act in bad faith. See Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78-79 (2d Cir. 2000). Bad faith consists of "extraordinary costs, repeated frivolous filings, obstructive delay tactics, mendacious allegations, and no real prosecution." Walker v. Smith, 277 F. Supp. 2d 297, 303 (S.D.N.Y. 2003). As plaintiff's motion to remand this action is meritorious, defendant's request for sanctions should be denied.

## CONCLUSION

Defendant filed its petition for removal after the expiration of the one-year period in 28 U.S.C. § 1446(c)(1) and failed to meet its burden to establish an exception to the statutory period. Accordingly, it is respectfully recommended that plaintiff's motion for remand should be granted and this case should be remanded to Supreme Court, Queens County. It is further

recommended that plaintiff's motion for attorney's fees and costs as well as defendant's motion for sanctions should be denied.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: June 4, 2021
Brooklyn, New York